UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL DOCKET NO. 09-125

VERSUS                                       SECTION: "A"

NATHANIEL JACKSON, III

ORDER AND REASONS

Nathaniel Jackson, III ("Jackson") filed a Motion for Reconsideration of Order Denying 18 U.S.C. § 3582(c)(2) (Rec. Doc. No. 209) on May 14, 2012. Upon order of the Court, the Government responded to the Defendant's motion on July 16, 2012.

The Court will address two arguments. First, the Defendant's assertion that the amount of controlled substance charged to him has not been proven sufficiently. Second, the Court will address sua sponte the bearing of the recent Supreme Court decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), on the sentencing in Jackson's case, ultimately holding that the Defendant's sentence is not eligible for reduction under the Act. This explanation will serve to articulate the reason for the denial of the Defendant's previous motion for sentence reduction under the Act (Rec. Doc. No. 206).

The Defendant first argues that the Government did not prove by a preponderance of evidence the amount of controlled substance attributable to him as required by United States v. Carter, 300 F.3d 415 (4th Cir. 2002). The Defendant claims that the Government must prove by a "preponderance of the evidence the amount of controlled substance attributable to a defendant," contending that here, "the Government has failed to determine the amount attributed to Jackson." However, the Defendant's reliance on Carter is misplaced. In Carter, the defendant challenged a determination of drug quantity after there were discrepancies between trial witnesses' testimony regarding the amount of controlled substance possessed by the defendant. The Fourth Circuit determined that based on a

1

preponderance of evidence standard and a "clear error" review standard, there existed ample evidence for the trial court to find that the Defendant had possessed the charged amount of controlled substance. Id., at 425.

Carter lacks factual similarities or legal relevance to the case at hand. In the present case, the Defendant agreed to a plea with the Government, and therefore the Defendant's sentence was based on his guilty plea, not on contradictory, trial testimony. Jackson's guilty plea was supported by an accompanying Factual Basis, which stated facts supporting the Government's charge of possession with intent to distribute 50 grams or more of cocaine base. (Rec. Doc. No. 124). The Court, satisfied with the facts set forth in the Factual Basis, accepted the plea and based its sentence on the quantities set forth in the Factual Basis.

The Federal Rules provide only that before entering a guilty plea, the court must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).The factual basis for a guilty plea must be in the record and "sufficiently specific to allow the court to determine whether the defendant's conduct is within the 'ambit of the statute's prohibitions.'" United States v. Angeles–Mascote, 206 F.3d 529, 530 (5th Cir. 2000) (quoting United States v. Gobert, 139 F.3d 436, 439 (5th Cir.1998)). Thus, the district court must compare: (1) the conduct to which the defendant admits; and (2) the elements of the offense charged in the indictment. United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001). Implicit then, in the Court's acceptance of Jackson's guilty plea, was its determination that Jackson's admitted conduct satisfied every element of 21 U.S.C. § 842 (b)(1)(A).

While a defendant who chooses to try his case is protected by the requirement that each element be proven by a preponderance of evidence, the defendant who chooses to accept a plea

agreement is protected by the extensive rules governing plea agreements found in Rule 11. Here, the Court is satisfied that the quantity of controlled substance as stated in the Factual Basis is a sufficient basis for the charge to which the Defendant agreed.

Next, the Court will briefly address the Fair Sentencing Act's applicability to this case. The Supreme Court has recently held that the Fair Sentencing Act's new, lower mandatory minimums apply retroactively to the post-Act sentencing of pre-Act offenders. Dorsey, 132 S. Ct. at 2336. Therefore, a criminal defendant who committed his acts before the Act's passage is eligible for reduction if he was sentenced after the passage of the act. Here, Jackson was sentenced on February 22, 2010. (Rec. Doc. No. 175.) Because this sentencing date falls before the Act's passage date of August 3, 2010, the Defendant is not eligible for a sentence reduction.

Finally, the Court rejects and will not address the Defendant's argument that the Court has discretion to lower the Defendant's sentence below the statutory minimum, agreeing with the Government that upholding statutory minimums is in line with clear precedent from this circuit. See United States v. Carter, 595 F.3d 575 (5th Cir. 2010); United States v. Harper, 527 F.3d 396 (5th Cir. 2008); United States v. Gomez-Herrera, 523 F.3d 554 (5th Cir. 2008).

For the foregoing reasons, the Defendant's Motion for Reconsideration of Order Denying 18 U.S.C. 3582 (Rec. Doc. No. 209) is DENIED.

New Orleans, Louisiana, this 26 day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE